

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Jason S. Gould*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 645-2776
Facsimile: (973) 297-2045

February 10, 2017

**Via ECF and Electronic Mail**

Honorable Jose L. Linares
United States District Judge
M.L.K., Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re: *United States v. Gregory Schaffer*, Crim. No. 13-183

Dear Judge Linares:

  The government submits this letter to notify the Court that the government cannot currently locate defendant's Acer laptop computer ("Acer laptop"), which was seized during the execution of a search warrant at the defendant's business premises on June 3, 2012. Importantly, a government expert made an exact forensic image of the hard drive of the Acer laptop on July 31, 2012, just weeks after its seizure. At the time the forensic image was made, the government expert searched the image and found approximately 100 depictions of child pornography, including the videos giving rise to the Indictment in this case. The forensic image is still available, and the government intends to introduce it as evidence in the upcoming trial.

  Given that the government does not know if it will find the Acer laptop before trial, it submits this letter motion *in limine* seeking an order that the government's loss of the Acer laptop does not violate defendant's due process rights because: (1) a forensically sound, authentic, and exact image of the Acer laptop exists, which will be introduced into evidence by the government after laying a proper foundation regardless of the availability of the Acer laptop itself; (2) there is no evidence that the Acer laptop contained any exculpatory information; and (3) the government did not act in bad faith when it lost the Acer laptop.

As the Court is aware, jury selection in this case is scheduled to commence on February 28, 2017, with trial to follow.

## A.   BACKGROUND

Based on a lawfully obtained search warrant, agents from HSI entered the defendant's business premises in Jersey City, New Jersey on June 3, 2012 and seized several items, including the Acer laptop. The Acer laptop was placed into an evidence bag, which was sealed and stored in a secure evidence locker at Homeland Security Investigations ("HSI") in New York, New York.

After collecting and securing the Acer laptop and other items from Schaffer's office, HSI agents applied for an additional search warrant requesting authorization to search the Acer laptop, among other electronic media devices. On or about July 30, 2012, the Acer laptop was delivered to Special Agent John Simonello of the United States Secret Service, a digital forensic special agent, at his laboratory in Long Island, New York. Once Special Agent Simonello received the Acer laptop, he disassembled it and photographed its component parts, including its hard drive. He then made a "forensic image" of the computer once he received a legally valid search warrant on July 31, 2012.

"Forensic imaging" is the process used to obtain an exact copy of the contents of a computer's hard drive. The "imaging" process entails copying all the data present on the original electronic device, and using certain industry-standard techniques to ensure that the duplicate image is created without disturbing the original seized device. Once he created the copy, Special Agent Simonello ran a digital forensic program to confirm that he had, in fact, created an exact "image" of the Acer laptop's hard drive. Special Agent Simonello then put the physical Acer laptop, along with its hard drive, back in the evidence bag.

After he made the forensic image, Simonello began to search the image for evidence of child-pornography crimes. He discovered approximately 100 images and depictions of child pornography on the forensic image of the Acer laptop's hard drive, including sexually explicit videos of minors from New Jersey that gave rise to the three-count Indictment in this case.

When he was finished with his search, Special Agent Simonello produced a forensic report that described in detail the forensic analysis he conducted and how he went about creating the "forensic image." That forensic report was produced to the defendant in discovery on April 4, 2013.

2

Separately, the defendant was indicted by a federal grand jury in the Eastern District of New York ("EDNY") on July 2, 2012, just a few weeks after the search of defendant's business premises, on four counts arising from his sexual enticement across state lines and subsequent sexual assault of a minor from Brooklyn.[1] In July 2014, that case proceeded to trial, resulting in the defendant's conviction on all four counts. The Acer laptop computer was introduced into evidence at the EDNY trial, as were several depictions of child pornography from Simonello's forensic image—all without objection from the defendant.

After the defendant's conviction, the physical evidence used at trial was brought back from the court to the U.S. Attorney's Office for the EDNY in Brooklyn, New York, where it was placed in an evidence room. The evidence remained there while Schaffer appealed his conviction to the Second Circuit. That appeal is pending.

On or about January 23, 2017, the case agent from HSI, Robert Mancene, went to retrieve the physical evidence from the evidence room in EDNY for use at trial in the District of New Jersey, but he could not find the Acer laptop. The U.S. Attorney's Office for the EDNY and agents from HSI have diligently searched for it, including enlisting the aid of a criminal investigator from the EDNY, but they still have not found it. They are continuing to search for it.[2]

### B. Contents of the Forensic Image Should Be Admitted after the Government Lays a Proper Foundation at Trial Regardless of the Acer Laptop's Availability

The Federal Rules of Evidence provide that a "duplicate is admissible to the same extent as an original unless (1) a genuine challenge is raised as to the authenticity of the original; or (2) in the circumstances it would be unfair to

---

[1] The charges were as follows: coercing and enticing a minor to travel in interstate commerce to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(a); coercing and enticing a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b); and attempting to commit both of those offenses.

[2] Agents from HSI and attorneys from the U.S. Attorney's Office in the EDNY have informed our office that two video cameras recovered during the search of Schaffer's office are also missing. Because no child pornography was recovered from the two video cameras, the government does not presently intend to offer evidence concerning those video cameras at trial. The remainder of the physical evidence was recovered from the evidence room.

admit the duplicate in lieu of the original." Fed. R. Evid. 1003. A duplicate is a copy of the original made by a "mechanical or electronic re-recording . . . or by other equivalent techniques which accurately reproduces the original." Fed. R. Evid. 1004(4).

The duplicate forensic image of the Acer laptop's hard drive should be admitted at trial here because it is an authentic copy of the Acer laptop's hard drive itself. As will be set forth through testimony at trial, Special Agent Simonello used standard—and transparent—forensic imaging techniques, which can be analyzed and tested to ensure that the forensic image is, in fact, an exact duplicate. Defense counsel is free to cross-examine Special Agent Simonello at trial about the techniques and methodology he used.

The Fifth Circuit addressed a very similar circumstance and sanctioned the use of forensic images of computer hard drives after the original computer had been destroyed. In *United States v. McNealy*, 625 F.3d 858 (5th Cir. 2010), agents searched the defendant's computer and found 9,000 pornographic images of children. *Id.* at 861. Agents then created "forensic images" of three hard drives in the defendant's computer—two were exact copies while the third copy contained a very small number of errors. *Id.* at 869. Before trial, the defendant's physical computer was inadvertently destroyed due to miscommunications between divisions of the federal government. *Id.* At trial, the government introduced print outs of images found on the defendant's computer using the "forensic images" it had created—despite the physical computer having been destroyed. *Id.* at 861-62. The defendant argued on appeal that he should "not be forced to rely on the Government's claims that the two remaining hard drive copies were accurate, given that the originals were destroyed." *Id.* at 869. The court rejected defendant's argument, finding that "it appears highly likely that all relevant evidence was preserved in the forensic images of the hard drives." *Id.* at 870.

Moreover, the defendant has not raised a genuine challenge to the authenticity of the original Acer laptop, nor could he. *See* Fed. R. Evid. 1003. The Acer laptop itself, including the original hard drive, was introduced in evidence at the July 2014 trial in the EDNY. The defendant did not object to its authenticity at that time. If the defendant believes that the original Acer laptop was tampered with before Special Agent Simonello created his forensic image, he is free to cross-examine Simonello or the case agent about the precautions they took to make sure the contents of the Acer laptop were preserved as they existed when seized from Schaffer's office.

Likewise, the defendant cannot explain why admission of the duplicate forensic image would be unfair under the circumstances. *See* Fed. R. Evid. 1003. Even if it finds the Acer laptop before trial, the government still would

largely rely on precisely the evidence it is seeking permission to admit here—that is, the contents of the forensic image—to prove Schaffer's production and possession of child pornography. The equities therefore favor the government because suppression of the forensic image—including Schaffer's video recorded sexual assaults of the two victims here—could lead to dismissal of the Indictment, a drastic and untailored remedy given the existence of an authentic and verifiable copy.

C.  **The Government Did Not Violate Schaffer's Due Process Rights When It Lost the Acer Laptop**

For a court to find a due process violation when evidence is destroyed or lost, evidence must both "possess an exculpatory value that was apparent before the evidence was destroyed" and also "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489 (1984). In matters involving "potentially exculpatory" evidence, the defendant must "show bad faith on the part" of the agents in order to show a denial of due process. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Bad faith "turn[s] on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *United States v. Jackman*, 72 Fed. Appx. 862, 866 (3d Cir. 2003) (quoting *Youngblood*, 488 U.S. at 58).

The defendant cannot establish any of these requirements, let alone all of them. First, there is no indication that the Acer laptop contained exculpatory information. To the contrary, all the information on the Acer laptop points to the defendant's guilt of the crimes charged in the Indictment. Mere speculation that the Acer laptop could have contained exculpatory information—something completely unsupported by the facts here—is not sufficient to support a finding that the agents acted in bad faith. *See United States v. Robinson*, 855 F.Supp.2d 419, 423 (E.D. Pa. 2012) (noting that the "defendant has done nothing more than speculate . . . that the [evidence] contained exculpatory information," which was insufficient to find a due process violation); *United States v. Taylor*, 379 Fed. Appx. 240, 244 (3d. Cir. 2010) (rejecting destruction-of-evidence argument where the exculpatory nature of the evidence was "dubious at best").

Second, the evidence here is not irreplaceable. In fact, the opposite is true: Special Agent Simonello made a forensic image of the Acer laptop's hard drive, so the defendant can examine exactly what was contained on it. The forensic image is an exact copy, which is capable of being authenticated before being admitted as evidence. The defendant can freely cross-examine Special Agent Simonello on this topic at trial—using, among other things, the full

forensic analysis created by Simonello and produced to the defendant during discovery.

Third, the agents did not act in bad faith. There is no evidence that the agents intended to lose the Acer laptop, that they lost it on purpose, or that they lost it to impede Schaffer's defense. Indeed, the fact that the evidence was previously available and used at a prior trial against the defendant undermines any allegation that the Acer laptop contained exculpatory evidence or was lost to impede the defendant's defense. Without a showing that the government agents acted in bad faith, courts routinely reject claims of due process violations. *See Jackman*, 72 Fed. Appx. at 866 (rejecting due process violation because the defendant did not show knowledge by the police of the destroyed evidence's exculpatory value); *Trombetta*, 467 U.S. at 489 (finding that the record did not contain any allegations of a conscious police effort to suppress exculpatory evidence); *McNealy*, 625 F.3d at 870 (finding no due process violation because of lack of evidence that agents destroyed evidence to impede defendant's defense).

Two cases addressed very similar issues to the ones presented here and illustrate why there has been no violation of Schaffer's due process rights. First, in *United States v. Taylor*, 379 F. App'x 240, 242 (3d Cir. 2010), the government had charged three men with a series of bank robberies and related crimes. One of the pieces of evidence was a security tape from Wal-Mart from the day of one of the robberies showing one of the robbers with two other men but not two defendants. *Id.* After investigators reviewed the tape, it was misplaced before it could be turned over to and reviewed by the defendants before trial. *Id.* The existence, content, and subsequent loss of the video were disclosed to the defendants by the government before the content was used at trial. *Id.* On appeal, the defendants argued that their due process rights were violated because the police should have known that the tape contained exculpatory information and therefore they should have "taken steps to have the evidence preserved." *Id.* at 244. The Court rejected this argument, finding that the police's conduct was not in bad faith because the investigators conducted a "thorough search for the tape," and the "exculpatory nature of the videotape in this case is dubious at best." *Id.* The Court also found that the defendants "had obtained comparable evidence since the substance of the videotape was presented to the jury even in its physical absence." *Id.*

Second, the Fifth Circuit in *United States v. McNealy*, 625 F.3d 858, 868-870 (5th Cir. 2010), discussed above at page 4, addressed a defendant's due process argument after federal agents destroyed his physical computer before trial and relied on a forensic copy. The defendant argued on appeal that the destruction of the computer violated his due process rights because "the mishandling of the defective hard drive prohibited him from using exculpatory

6

evidence potentially available on it." *Id.* at 869.  The court rejected defendant's argument, finding that the government did not act in bad faith because "there is no evidence that they intended to destroy the evidence in order to impede [defendant's] defense." *Id.* at 870.  In addition, the court noted, as mentioned above, that the evidence was not irreplaceable because "it appears highly likely that all relevant evidence was preserved in the forensic images of the hard drives." *Id.*

The same considerations apply here and counsel in favor of finding no due process violation.  Given the Acer laptop's prior availability and use at trial to convict defendant in a separate federal trial, the exculpatory value of the lost Acer laptop is nonexistent.  *See Taylor*, 379 Fed. App'x. at 244.  Moreover, "all relevant evidence was preserved in the forensic images of the hard drives." *McNealy*, 625 F.3d at 870.  Finally, there is no evidence that the agents acted in bad faith when they lost the computer because they did not intend to "impede [Schaffer's] defense," *id.*, and they undertook a thorough if thus far unsuccessful investigation to find it.

Based upon the foregoing, the government respectfully requests a pretrial ruling that the defendant's due process rights have not been violated by its loss of the Acer laptop.

                Respectfully submitted,

                PAUL J. FISHMAN
                United States Attorney

                /s/ Jason S. Gould
           By:  JASON S. GOULD
                MEREDITH J. WILLIAMS
                Assistant U.S. Attorneys

cc: Patrick McMahon, Esq. (via email)
    Leticia Olivera, Esq. (via email)