UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA   :
                                                  : Hon. Jose L. Linares
    v.                                            :
                                                  : Criminal No. 13-183
GREGORY SCHAFFER              :

---

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT SHAFFER'S PRETRIAL MOTIONS

---

                                        WILLIAM E. FITZPATRICK
                                        ACTING UNITED STATES ATTORNEY
                                        970 Broad Street
                                        Newark, New Jersey 07102
                                        (973) 645-2700

On the Brief:

JASON S. GOULD
MEREDITH J. WILLIAMS
Assistant U.S. Attorneys

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .................................................................................................... 1

STATEMENT OF FACTS ....................................................................................... 2

ARGUMENT ............................................................................................................ 3

I.   SCHAFFER'S MOTION TO SUPPRESS CERTAIN EMAILS IS BASELESS AND SHOULD BE DENIED ................................................. 3

II.  SCHAFFER'S MOTION TO SUPPRESS EVIDENCE RECOVERED FROM HIS CELL PHONE SHOULD BE DENIED AS MOOT ................... 5

III. SCHAFFER'S MOTIONS TO SUPPRESS OR EXCLUDE A FORENSIC COPY OF THE ACER LAPTOP HARD DRIVE SHOULD BE DENIED ........ 6

   A.  Schaffer has not raised a "genuine challenge" to the authenticity of the original Acer laptop hard drive sufficient to exclude the duplicate copy. ....................................................... 8

   B.  The Government did not search Schaffer's Acer laptop before it obtained a search warrant. ........................................................ 12

IV.  THE PARTIES HAVE AGREED ON AN APPROPRIATE LIMITING INSTRUCTION CONCERNING SCHAFFER'S OTHER SEXUAL ASSAULT AND SEXUAL MOLESTATION ............................................. 15

V.   SCHAFFER'S OBJECTIONS TO THE AUTHENTICITY AND CHAIN-OF-CUSTODY OF THE GOVERNMENT'S EXHIBITS ARE OVERBROAD ................................................................................ 16

VI.  THE GOVERNMENT DOES NOT OBJECT TO DEFENDANT'S REQUEST TO FILE ADDITIONAL MOTIONS WHERE APPROPRIATE ... 16

CONCLUSION ....................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**  **Page(s)**

*Moretti v. C.I.R.*,
 77 F.3d 637 (2d Cir. 1996) ................................................................................ 10

*United States v. Bakhtiar*,
 994 F.2d 970 (2d Cir. 1993) .............................................................................. 10

*United States v. Chang An-Lo*,
 851 F.2d 547 (2d Cir. 1988) .............................................................................. 10

*United States v. Marrero*,
 643 Fed. Appx. 233 (3d Cir. 2016) .................................................................... 16

*United States v. Mulinelli-Navas*,
 111 F.3d 983 (1st Cir. 1997) ............................................................................. 10

*United States v. Schaffer*,
 851 F.3d 166 (2d Cir. 2017) ................................................................................ 3

**Statutes**

18 U.S.C. § 2422(b) ................................................................................................ 3

18 U.S.C. § 2251(a) ................................................................................................ 1

18 U.S.C. § 2252A(a) ............................................................................................. 1

**Rules**

Fed. R. Evid. 1003 ......................................................................................... 7, 9, 10

Fed. R. Evid. 1004(4) .............................................................................................. 9

Defendant Gregory Schaffer was indicted on March 13, 2013 by a federal grand jury in Newark, New Jersey, of two counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2, and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2.  Trial on these charges is scheduled to begin on September 12, 2017.

## INTRODUCTION

The Government respectfully submits this memorandum of law in opposition to Defendant Schaffer's Pretrial Motions, filed on August 11, 2017 ("Schaffer Mot.").  *See* ECF No. 59.  Schaffer previously filed a First Omnibus Pretrial Motion on January 13, 2017.  *See* ECF No. 35.

In his current motion, Schaffer has moved to suppress the following evidence: (1) AOL emails that Schaffer sent and received because, according to Schaffer, law enforcement searched Schaffer's email without a warrant; (2) evidence from Schaffer's Metro PCS cell phone because, according to Schaffer, law enforcement searched his cell phone voicemail without a warrant; and (3) a forensic copy of the hard drive of Schaffer's Acer laptop computer because, according to Schaffer, law enforcement either switched out the hard drive before forensically imaging it or searched the laptop without a warrant.  As explained below, Schaffer's motions are baseless and should be denied.

Schaffer also makes several other procedural motions, which are addressed in turn below.

## **STATEMENT OF FACTS**

Based on an investigation into allegations of sexual assault by a 15-year-old Brooklyn girl (the "Brooklyn Victim") against Schaffer in early 2012, law enforcement obtained and executed a search warrant on Schaffer's office in Jersey City, New Jersey, on June 3, 2012.  During the search, agents of Homeland Security Investigations ("HSI") discovered and seized, among other items, an Acer laptop computer (the "Acer laptop") and a folder containing computer-printed photographs of teenage-appearing girls wearing bathing suits or naked.  *See* ECF No. 35-2 at GS000228 ¶ 9.

After collecting, transporting, and securing the seized items in an HSI evidence locker in New York, New York, law enforcement identified an expert who could forensically examine them and applied for an additional search warrant requesting authorization to search several electronic media devices recovered from Schaffer's office, including the Acer laptop.  *See id.* at GS000211 (Attachment A).  On July 31, 2012, law enforcement obtained the search warrant, and Special Agent John Simonello of the United States Secret Service, a forensic computer expert, began searching Schaffer's electronic devices that very day, including the Acer laptop.  Before he began his search, however, Special Agent Simonello made an exact forensic image of the Acer laptop's hard drive.

During his forensic search, Special Agent Simonello found videos of the Brooklyn Victim trying on a bathing suit in Schaffer's office while Schaffer "adjusted" it as an excuse to grope her.  He also discovered five videos that

2

depict Schaffer sexually abusing two minor victims from New Jersey — the conduct giving rise to Counts One, Two, and Three of the Indictment in the instant case. Special Agent Simonello also discovered approximately 100 other depictions of child pornography on Schaffer's electronic devices.

Schaffer was indicted in the Eastern District of New York for his sexual assault of the Brooklyn Victim and was eventually convicted of, among other crimes, coercing and enticing the Brooklyn Victim to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b) after a trial in July 2014. On July 24, 2015, the Honorable Allyne R. Ross sentenced Schaffer to a term of imprisonment of 25 years. That conviction was affirmed on appeal by the Second Circuit in March 2017. *See United States v. Schaffer*, 851 F.3d 166 (2d Cir. 2017).

For a full recitation of the facts leading to the recovery of evidence giving rise to Counts One, Two, and Three in the Indictment in the instant case, *see* ECF No. 36 at pages 2-11. The Government also set forth how law enforcement made a forensically sound, exact duplicate copy of the Acer laptop's hard drive in its February 10, 2017 letter to the Court. *See* ECF No. 40 at pages 2-3.

## ARGUMENT

I. **SCHAFFER'S MOTION TO SUPPRESS CERTAIN EMAILS IS BASELESS AND SHOULD BE DENIED**

Schaffer contends that emails provided by the Government in discovery from Schaffer's AOL email account were "printed out based upon a warrantless search of his AOL email account." Schaffer Mot. at 3. He argues that the supposedly warrantless search violated the Fourth Amendment and thus "all

3

emails from his AOL account must be suppressed." *Id.* The emails collected on the basis of the allegedly illegal search and which Schaffer wants suppressed are contained in Exhibit 2 to Schaffer's motion. *See* ECF No. 59-2 (under seal).

Schaffer's argument is baseless. The emails contained in Exhibit 2 are a series of emails exclusively between Schaffer and "Strasia," the minor Brooklyn Victim. The emails were indeed printed on June 12, 2012 — before law enforcement obtained a search warrant to search Schaffer's AOL email account — but access to the emails *was provided to law enforcement by "Strasia,"* who is either the sender or recipient of every single email in Exhibit 2. In fact, law enforcement used the emails it had collected from "Strasia" as part of the basis for its search of Schaffer's office on June 3, 2012. *See* ECF No. 35-1 at GS000282 Footnote 1.

Law enforcement thus had the consent of "Strasia" to look at *her emails*, which happened to include emails with Schaffer, and law enforcement therefore did not need a search warrant to review them. Law enforcement eventually separately searched Schaffer's AOL email account, but it did not do so until it legally obtained a search warrant on July 31, 2012. *See* ECF No. 59-1. Schaffer's motion to suppress thus proceeds from demonstrably erroneous assumptions and should be denied.

In addition, as a practical matter, the Government does not, at this time, intend to use or rely upon any emails from Schaffer's AOL email account at trial.

4

## II. SCHAFFER'S MOTION TO SUPPRESS EVIDENCE RECOVERED FROM HIS CELL PHONE SHOULD BE DENIED AS MOOT

Schaffer next moves to suppress evidence collected from his Metro PCS cell phone based upon supposedly unlawful searches of the contents of the cell phone's voice mail. *See* Schaffer Mot. at 4-6. Schaffer claims that records from Metro PCS, contained in Exhibit 5 to his motion, *see* ECF No. 59-5, show that Schaffer's voicemail was called 47 times while in law enforcement's possession but before law enforcement had obtained a search warrant. *See* Schaffer Mot. at 5. Schaffer argues that "[t]he intrusion into [Schaffer's] cell phone and voice mailbox prior to the issuance of a search warrant was a blatant, intentional violation of [Schaffer's] Fourth Amendment right to be free of unreasonable searches and seizures." *Id.*

The Government did not commit any such violation and would be prepared to prove as much, if necessary. It could do so through, among other things, the testimony of witnesses, including a witness from Metro PCS who could explain that the phone records contained in Exhibit 5 do not in fact show anyone using Schaffer's cell phone after its seizure, let alone a member of law enforcement. The Government would also be able to prove that, after law enforcement seized Schaffer's cell phone, it was secured in an HSI evidence locker and not removed or used by anyone until it was transported to the forensic expert on July 30, 2012.

In any event, Schaffer's motion should be denied as moot because the Government does not intend to introduce or use any information from Schaffer's cell phone at trial.

5

### III. SCHAFFER'S MOTIONS TO SUPPRESS OR EXCLUDE A FORENSIC COPY OF THE ACER LAPTOP HARD DRIVE SHOULD BE DENIED

Schaffer seeks to suppress or exclude the forensic copy of the hard drive from Schaffer's Acer laptop computer.

Schaffer already made a very similar motion to exclude the forensic copy of the hard drive from his Acer laptop computer on February 21, 2017. *See* ECF No. 47. In that motion, Schaffer "object[ed] to the admittance of the evidence which was contained on the laptop" because of "concerns about how and when the evidence was collected." *Id.* Schaffer contended that he was "unable to evaluate these concerns" without "access to the motherboard of the laptop." *Id.*

The Government responded to that motion on February 22, 2017 and explained that Schaffer's "vague and unspecified allegations about 'concerns' with evidence collection" were insufficient to challenge the authenticity of the original Acer laptop. *See* ECF No. 48 at 2. The Government assured the Court that it would "lay an appropriate foundation at trial for the admission of the duplicate image," *id.*, and thus that the duplicate image should be admissible despite the absence of the original Acer laptop.

The Court agreed with the Government and ruled that Schaffer's "vague and unsubstantiated concerns . . . are insufficient to support his burden" to exclude the duplicate copy. ECF No. 51 at 19. The Court held that, "provided that the Government lays a proper foundation for the introduction of the duplicative forensic evidence, and provided that the introduction of that

6

evidence otherwise complies with the Federal Rules of Evidence, the Court finds that the same is generally admissible as a duplicate under FRE 1003." *Id.* at 19-20.

Shortly after the Court's ruling — and just a few days before trial was set to begin — Schaffer terminated his then-counsel from the Federal Public Defender's Office, and the Court named replacement defense counsel on February 24, 2017. *See* ECF No. 55. The Court held a status conference on March 27, 2017, with new defense counsel present. At that time, the Court made clear that, although it was permitting Schaffer to replace his counsel on the eve of trial, it did not want Schaffer to rehash the same issues the Court had already ruled upon concerning the admissibility of the forensic image of the Acer laptop.

Despite the Court's admonitions, Schaffer now has raised similar challenges to the admissibility of the forensic copy of the Acer laptop's hard drive.[1] In his most recent motion, Schaffer appears to be making two arguments: (1) that the hard drive of the Acer laptop copied on July 31, 2012 was not the same hard drive seized as part of the Acer laptop from Schaffer's office on June 3, 2012; and (2) that law enforcement actually searched the Acer laptop's hard drive before it obtained a search warrant on July 31, 2012.

---

[1] This is in fact the *third* opportunity Schaffer has had to object to the admission of evidence collected from the Acer laptop: at his trial in the Eastern District of New York in July 2014, the Acer laptop itself was introduced into evidence, as were several depictions of child pornography from the forensic image — all without objection from Schaffer.

7

Notwithstanding that those two assertions are seemingly in conflict with one another, the Government addresses them both in turn below. Neither has merit, and Schaffer's motion to suppress or exclude the forensic image should again be denied.

### A. Schaffer has not raised a "genuine challenge" to the authenticity of the original Acer laptop hard drive sufficient to exclude the duplicate copy.

As an initial matter, and as the Government explained to the Court previously in its February 10, 2017 letter, *see* ECF No. 40, the Government intends to lay an appropriate foundation at trial for the admissibility of the forensic image of the Acer laptop. That necessarily will include testimony and records establishing the following: (1) that law enforcement recovered the Acer laptop from Schaffer's office on June 3, 2012 pursuant to a validly obtained search warrant; (2) that law enforcement promptly placed the Acer laptop into a sealed evidence bag with a chain of custody upon seizure; (3) that, soon after seizure, HSI agents transported the Acer laptop to a secure evidence locker at HSI's offices in New York, New York; (4) that the Acer laptop remained in HSI's secure evidence locker until July 30, 2012, when it was taken out of the evidence locker and transported by an agent from HSI to Special Agent Simonello at his laboratory in Long Island, New York; (5) that, upon receipt, Simonello disassembled the Acer laptop and photographed its component parts, including its hard drive; (6) that HSI agents applied for an additional search warrant requesting authorization to search the Acer laptop, among other electronic media devices, and obtained that search warrant on July 31,

8

2012; and (7) that Special Agent Simonello promptly made a "forensic image" of the Acer laptop hard drive once he received the search warrant.

Once the Government establishes the authenticity of the forensic image of the Acer laptop hard drive at trial, the Federal Rules of Evidence provide that a "duplicate is admissible to the same extent as an original unless (1) a genuine challenge is raised as to the authenticity of the original; or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003. A duplicate is a copy of the original made by a "mechanical or electronic re-recording . . . or by other equivalent techniques which accurately reproduces the original." Fed. R. Evid. 1004(4).

Notwithstanding the Government's proof supporting the authenticity of the forensic image of the Acer laptop hard drive, Schaffer apparently objects to the authenticity of the original Acer laptop hard drive that was copied on July 31, 2012. Although Schaffer concedes that the forensic image made by the Government's forensic expert on July 31, 2012 is a "replica" of what the Government's expert was given on July 30, 2012, Schaffer Mot. at 8, Schaffer contends that "the hard drive that was copied by law enforcement on July 31, 2012 is not the same hard drive that was seized from Schaffer on June 3, 2012." *Id.* at 7. As apparent support for this proposition, Schaffer points to a date on an image within the hard drive — May 10, 2011 — that predates the manufacture date — May 22, 2011 — stamped on the outside of the hard drive. *See id.* at 10. Based upon this apparent discrepancy (which, as explained below, is not actually a discrepancy), a certified computer examiner retained by

9

Schaffer could state only that he "cannot explain" the seemingly inconsistent dates. *See* ECF No. 59-10 at ¶ 13. Schaffer thus asks the Court to suppress the forensic copy of the hard drive. Schaffer Mot. at 7.

The party opposing admission of the duplicate — here, Schaffer — bears the burden of establishing a genuine and substantial question about the authenticity of the original. *United States v. Bakhtiar*, 994 F.2d 970, 979 (2d Cir. 1993) (affirming admission of duplicates of counterfeit bank checks, where the defendants raised "no serious questions" regarding authenticity or fairness, and the duplicates were clear photographs and photocopies of the checks and were authenticated at trial); *United States v. Chang An-Lo*, 851 F.2d 547, 557 (2d Cir. 1988) (duplicate hotel telephone logs were properly admitted as originals because defendant failed to raise a genuine issue of their authenticity); *see Moretti v. C.I.R.*, 77 F.3d 637, 645 (2d Cir. 1996) (Tax Court abused its discretion by refusing to admit a Xerox photocopy of a sales agreement, in violation of Tax Court Rule analogue to Rule 1003). A genuine challenge to the authenticity of the original must be established by evidence, not mere speculation. *Chang An-Lo*, 851 F.2d at 557; *United States v. Mulinelli-Navas*, 111 F.3d 983, 989-90 (1st Cir. 1997).

Schaffer has not come close to raising a genuine or substantial challenge to the authenticity of the original Acer laptop hard drive. He has merely identified a single (supposed) discrepancy on a date stamp inside the hard drive, which predates the manufacture date stamped on the outside of the hard drive. Schaffer does not explain at all how this (apparent) inconsistency

10

establishes *any* question about the authenticity of the hard drive itself, or why the inconsistency means that the hard drive seized on June 3, 2012 was not the hard drive copied on July 31, 2012. Even Schaffer's own expert can say only that he "cannot explain" the earlier date — a statement that could mean any number of things, including that the expert merely needs more information. It is certainly not a statement that amounts to a genuine, serious, and substantial challenge to the original's authenticity required by law.

In any event, even if Schaffer had raised a genuine challenge to the authenticity of the Acer laptop itself (which he has not), the supposedly inconsistent dates are readily explainable. The Government is prepared to show that typically when a computer manufacturer like Acer receives a hard drive from a manufacturer like Hitachi, the hard drive is blank. Here, Acer received the hard drive from Hitachi on or after May 22, 2011, the hard drive manufacture date. It then appears that Acer formatted the hard drive and installed an operating and file system on the hard drive on or about July 7, 2011. One of the partitions, or volumes, placed on the hard drive by Acer (what Schaffer refers to as the "D partition") contained a proprietary image with files dated May 10, 2011 because that was most likely the date these files were created *before they were installed by Acer on the Acer laptop's hard drive*. The files maintained that date even after they were installed. This is no different than someone taking a digital photograph in 2015 and installing it on a hard drive that was manufactured in 2017. The photograph could maintain the

11

2015 date even though the hard drive was manufactured and date-stamped after 2015.

To the extent that Schaffer wants to cross-examine the Government's witnesses regarding this seeming inconsistency, Schaffer may do so at trial. But Schaffer's motion to suppress the forensic image of the Acer laptop on this basis should be denied.

### B. The Government did not search Schaffer's Acer laptop before it obtained a search warrant.

Schaffer also contends that the forensic image of the Acer hard drive "must be suppressed because the original Acer hard drive was searched prior to the issuance of the July 31, 2012 search warrant." Schaffer Mot. at 7. As support for this assertion, Schaffer points to a statement by law enforcement contained in an affidavit about "computer-printed photographs of teenage-appearing girls other than JANE DOE wearing bathing suits or naked on a laptop computer."[2] *Id.* at 11. Schaffer then argues that the Government could not have made this affirmative statement about "computer-printed photographs" and what was "on a laptop computer" without having searched the entire computer. *Id.* According to Schaffer, this is because:

- The only pictures of teenage-appearing girls wearing bathing suits were "inside" Schaffer's Acer laptop hard drive (*see id.* at 13);

- The Government did not recover any computer-printed photographs of teenage-appearing girls in bathing suits because none were listed on a law enforcement inventory of what was seized in Schaffer's office (*see id.* at 12); and

---

[2] This statement is included in the Government's application for a search warrant to search Schaffer's AOL email account. *See* ECF No. 59-1.

12

- Photographs taken by law enforcement of Schaffer's office do not show that any pictures of teenage-appearing girls wearing bathing suits were found in Schaffer's office during law enforcement's search (*see id.*).

Schaffer then concludes that, because in his view the photographs do not exist, law enforcement must have seen them "inside Schaffer's computer." *Id.* at 13.

Schaffer's claims are again entirely unfounded. First, law enforcement did not have to search the Acer laptop's hard drive to discover images in Schaffer's possession of teenage-appearing girls wearing bathing suits. The Government in fact found and recovered from Schaffer's office several computer-printed photographs of teenage-appearing girls wearing bathing suits. The Government has included some of these photos as Exhibits 107 through 110 on its exhibit list and can provide these (and additional photos recovered from Schaffer's office of teenage-appearing girls in bathing suits) to the Court if necessary. In fact, law enforcement, in a subsequent affidavit to search Schaffer's electronic devices, stated that, during the search of Schaffer's office on June 3, 2012, agents recovered "computer-printed photographs of teenage-appearing girls wearing bathing suits or naked . . . ." *See* ECF No. 35-2 at GS00028 ¶ 9.

Schaffer's contention that the photographs, among hundreds of items recovered from his office, are not specifically enumerated on the inventory created by law enforcement or do not appear in photographs of Schaffer's office is irrelevant. The photographs of child pornography clearly exist and were recovered from Schaffer's office. The Government can prove as much through

13

testimony and records showing how the photographs were recovered, seized, handled, transported, and secured.  The photos' very existence completely undercuts Schaffer's central point: that the photographs did not physically exist but that law enforcement agents had to have seen them inside the Acer laptop's hard drive.

Moreover, when law enforcement searched Schaffer's office on June 3, 2012, the Acer laptop was sitting powered on and open on his desk.  The Acer laptop desktop contained an icon named "Brooke4" in plain view of a female wearing a bathing suit, which can be seen in Government Trial Exhibit 200k.  Accordingly, law enforcement was permitted to rely on the computer-printed photos and the icon contained on the Acer laptop's desktop to submit a subsequent search warrant application to the court noting the existence of "computer-printed photographs of teenage-appearing girls . . . wearing bathing suits or naked on a laptop computer."

The Government can also prove that it did not search the Acer laptop before it obtained a warrant.  It can do so through the testimony of federal agents who would testify to how they collected, transported, and secured the Acer laptop in HSI's evidence locker, and that, during the entire time, no one searched the Acer laptop before Special Agent Simonello did on July 31, 2012 after a search warrant was obtained.

Because Schaffer's underlying contentions are clearly incorrect, his motion to suppress the forensic image of the Acer laptop hard drive based on the supposedly illegal search should be denied.

### IV.   THE PARTIES HAVE AGREED ON AN APPROPRIATE LIMITING INSTRUCTION CONCERNING SCHAFFER'S OTHER SEXUAL ASSAULT AND SEXUAL MOLESTATION

Schaffer has requested a limiting instruction with regard to anticipated testimony concerning Schaffer's prior sexual assault and sexual molestation. *See* Schaffer Mot. at 15-17.  The Government has conferred with defense counsel, and the parties have agreed on the following limiting instruction, to be read both after the other sexual assault and sexual molestation evidence is admitted and during the jury charge before deliberations:

> "There has been evidence received during the trial that the defendant engaged in other conduct which was similar in nature to the acts charged in the indictment, i.e., other conduct that involved illegal sexual acts with a minor. In a criminal case in which the defendant is accused of illegal sexual acts involving a minor, evidence of the defendant's commission of another offense or offenses of illegal sexual acts with a minor is admissible and may be considered for its bearing on whether the defendant committed the offenses for which he is charged in the indictment. However, evidence of another offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the indictment in this case. As you consider the evidence, bear in mind at all times that the government has the burden of proving beyond a reasonable doubt that the defendant committed each of the elements of the offenses charged in the indictment, as I will explain them to you. I remind you that the defendant is not on trial in this case for any act, conduct, or offense that is not charged in the indictment."

The parties will include this limiting instruction in the joint draft jury charges they will submit to the Court.

## V. SCHAFFER'S OBJECTIONS TO THE AUTHENTICITY AND CHAIN-OF-CUSTODY OF THE GOVERNMENT'S EXHIBITS ARE OVERBROAD

Schaffer has objected to the authenticity of all of the Government's exhibits, Schaffer's Mot. at 17, and to the chain-of-custody of all of the Government's exhibits. *Id.* at 18.

Although the Government does not dispute that it must lay an appropriate foundation at trial showing that its exhibits are authentic, the Government cannot respond to either of Schaffer's blanket objections without more specific information concerning his objections to particular exhibits. Schaffer's counsel can object during trial if he believes that the Government has not established that a particular exhibit is authentic.

Schaffer's counsel also is free to cross-examine any of the Government's witnesses on chain-of-custody issues, if they are relevant.  However, chain-of-custody deficiencies generally go to weight, not admissibility, and thus the Government's evidence would not be excludable on that basis alone.  *See United States v. Marrero*, 643 Fed. Appx. 233, 239 (3d Cir. 2016) ("[I]n the ordinary case gaps in the chain go to the weight of the evidence, not its admissibility.") (internal citations omitted).

## VI. THE GOVERNMENT DOES NOT OBJECT TO DEFENDANT'S REQUEST TO FILE ADDITIONAL MOTIONS WHERE APPROPRIATE

Schaffer has moved for permission to file unspecified pretrial motions in the future.  *See* Schaffer Mot. at 18.  Circumstances may arise that would make it appropriate and necessary for additional motions to be filed by both the defense and the Government.  Thus, the Government does not object to

16

Schaffer's request at this time, provided that Schaffer requests prior permission from the Court before filing any additional pretrial motions, and that the Government be granted the same opportunity, if necessary.

## CONCLUSION

For the foregoing reasons, the Government respectfully submits that each of Schaffer's pretrial motions to suppress or exclude evidence should be denied.

                         Respectfully submitted,

                         WILLIAM E. FITZPATRICK
                         Acting United States Attorney

By:   /s/ Jason S. Gould
       Jason S. Gould
       Meredith J. Williams
       Assistant United States Attorneys

Dated: August 25, 2017
       Newark, New Jersey

cc:   Thomas Ambrosio, Esq.