UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA, | Civil Action No.: 13-183 (JLL) |
|---|---|
| v. | **OPINION** |
| GREGORY JOHN SCHAFFER, | |
| Defendant. | |

**LINARES**, Chief District Judge

This matter comes before the Court by way of Defendant Gregory John Schaffer's Motion *in limine* to Suppress the Use of Duplicate Videos Found on Defendant's Acer Laptop (ECF No. 59), as well as his supplemental Motion *in limine* to Suppress the External Hard Drive Seized on the Day of His Arrest. (ECF No. 64). The Government has submitted Opposition to both Defendant's Motions *in limine*. (ECF No. 62, 74), to which Defendant has replied. (ECF Nos. 69, 75). The Court decides this matter after conducting oral argument on September 5, 2017 with regard to the Image of the Acer Laptop and after reviewing the parties' supplemental submissions regarding the External Hard Drive. For the reasons set forth below, the Court denies both of Defendant's Motions *in limine*.

## I. BACKGROUND

Defendant Gregory Schaffer has been indicted on two counts of production of child pornography and one count of possession of child pornography. (ECF No. 1). The Government became aware of Defendant's alleged misconduct during an investigation into allegations of sexual

assault by a 15 year-old girl in Brooklyn, NY. (ECF No. 62 at 2). Defendant was arrested for the sexual assault on June 3, 2012. (Id.).

During its investigation, the Government found, on Defendant's Acer Laptop Computer ("Acer Laptop"), photographs of "teenage-appearing girls wearing bathing suits or naked." (Id.). On July 31, 2012, the Government obtained a warrant to search Defendant's emails, cell phone, and the Acer Laptop computer. (Id.). Prior to searching the laptop, the Government made "an exact forensic image of the Acer laptop's hard drive." (Id.). During the search of the laptop, the Government found videos of the Brooklyn victim in a bathing suit, which also showed Defendant groping her. (Id.). The Government also found five videos which depict Defendant allegedly sexually abusing two minors from New Jersey. These videos are the basis for the three count indictment in this District. (Id. at 2-3). Moreover, the Government found approximately 100 other "depictions of child pornography." (ECF No. 1; ECF No 62 at 3).

The Government also seized an external hard drive at the time of Defendant's arrest on June 3, 2012 (ECF No. 1 at 5-6 ("Gigaware Hard Drive")). According to the Government, the Gigaware Hard Drive was used by Defendant as a backup for the Acer Laptop. (ECF No. 69 at 2). Hence, the Government seeks to introduce the forensic image of the Acer Laptop, along with the Gigaware Hard Drive. (Id.). Defendant opposes the use of either item, asserting various arguments regarding the inadmissibility of same. (ECF Nos. 59, 64).

## II. DISCUSSION

On September 5, 2017, this Court held oral argument and found that the Government did not engage in any inappropriate search and seizure of Defendant's other electronic devices. (ECF

Nos. 66, 72). However, the Court reserved decision with regard to the forensic image of the Acer Laptop. (Id.; id.). Additionally, the Court was informed that the Government had recently inspected the Gigaware Hard Drive and sought to introduce same as proof of Defendant's possession of the illegal videos and images. (Id.; id.). The Court is now in receipt additional information, which it has taken into account, namely Defendant's Motion *in limine* to Suppress the Gigaware Hard Drive (ECF No. 69), the Government's Opposition to said Motion (ECF No. 74), and Defendant's reply thereto (ECF No. 75). Considering all the briefing before the Court and the arguments presented at the September 5, 2017, the Court is not persuaded that either item should be suppressed.

The Fourth Amendment of the U.S. Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. To prevail on a motion to suppress, a defendant generally bears the burden of proving that the challenged evidence was obtained in violation of the Constitution. *See United States v. Acosta*, 965 F.2d 1248, 1257 n.9 (3d Cir. 1992) ("The proponent of a motion to suppress has the burden of establishing that his Fourth Amendment rights were violated.") However, if the defendant establishes a basis for his motion, *e.g.*, that the search or seizure was conducted without a warrant that complied with the Fourth Amendment, the burden shifts to the Government to show that the evidence was constitutionally obtained. *See, e.g., United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995).

Preliminarily, the Court has already ruled that the warrant to search the aforementioned electronic devices was supported by probable cause, and that the delay between the seizure of said devices and when the search took place was not unreasonable. (ECF No. 47). Accordingly, the

Court will not revisit these issues and focuses solely on whether the search of said devices was proper based on the facts presented to this Court. With that in mind the Court concludes that the concerns implicated in *United States v. Johnson, supra,* specifically are of no import here and Defendant bears the ultimate burden of showing that his Constitutional rights were violated.

Defendant argues that both the forensic image of the Acer Laptop, as well as the Gigaware Hard Drive, are inadmissible because both were searched improperly in violation of the Fourth Amendment. (ECF Nos. 59, 64). With regard to the image of his laptop, Defendant argues that the Acer Laptop was illegally searched prior to the Government's obtention of a proper warrant, and, therefore, the forensic image of same is inadmissible. (ECF No. 59 at 6-14). In support of this argument, Defendant claims that the hard drive forensically imaged by the Government "is not the same hard drive that was seized from him" on June 3, 2012. (ECF No. 59 at 7). Defendant also avers that the Acer Laptop itself was illegally searched, because it was searched before the Government obtained a search warrant for same. (Id.).

This Court finds that Defendant has not shown that the Acer Laptop was inappropriately searched prior to the issuance of the search warrant. Defendant's entire argument in support of this contention rests solely on the fact that the affidavit for the search warrant referenced photographs of "teenage-appearing girls wearing bathing suits" that appeared "inside" Defendant's Acer Laptop. (Id. at 12-13). Thus, Defendant concludes, the Government must have looked inside his laptop in order to get the information it used in support of the warrant prior to obtaining the warrant. (Id.).

The Government explains that it did not search Defendant's Acer Laptop prior to obtaining a warrant (ECF No. 62 at 12-13), instead asserts that the photographs, and other items referenced

in the application for the warrant, already existed in a "computer-printed" format visible to the Government when it arrested Defendant on June 3, 2012. (Id.). The Government supports this contention with a citation to said photographs. (Id. (citing ECF No. 35-23 at GS00028 ¶ 9)). Accordingly, the Government purports it can prove that the items referenced in the affidavit in support of the application were in plain view, and not obtained by having to illegally search the Acer Laptop.

It is well settled that an officer may seize evidence that is in plain view without a search warrant if three conditions are satisfied: 1) the officer must have lawfully arrived at the place from where the evidence could be plainly viewed; 2) the incriminating nature of the evidence seized must be immediately apparent; and 3) the officer must have possessed a lawful right of access to the object itself. *See United States v. Stabile*, 633 F.3d 219, 241 (3d Cir. 2011) (citations omitted). Here, all three prongs of the aforementioned test are met. The officers were at Defendant's home to effectuate an arrest in connection with the Brooklyn case, the photographs and other items that were used in support of the warrant application were in plain view, and, based on the allegations in the Brooklyn case, it seemed apparent that the aforementioned items were in fact incriminating.

In response, Defendant avers that the photograph was not in plain view because it was not listed on the evidence sheet and does not appear in the photographs of the crime scene. (ECF No. 59 at 7). The Government notes that Defendant's assertions are unfounded. (ECF No. 62 at 13). First, the Government explains that multiple allegedly incriminating photographs, including the one referenced in the affidavit in support of the search warrant, were found at the scene and were in fact logged into evidence. (Id.). Specifically, the Government relies on a subsequent affidavit wherein the law enforcement agent states that the Government recovered *"computer-printed*

*photographs* of teenage-appearing girls wearing bathing suits or naked" from the scene of the crime. (Id. (citing ECF No. 35-2 at GS00028 ¶ 9)) (emphasis added). The Government further notes that it will prove that the photographs were in fact at the scene of the crime on the day of Defendant's arrest. (Id.). Furthermore, the Government notes that, at the time of Defendant's arrest, the Acer Laptop was powered on and the screen "contained an icon named 'Brooke4' in plain view of a female wearing a bathing suit." (Id.). Accordingly, the Government asserts that the items were in plain view and no illegal search took place. The Court finds the Government's assertions credible. Thus, this Court finds that the Government did not illegally search Defendant's Acer Laptop prior to obtaining a warrant because the information used to obtain said warrant was in plain view and not obtained from within the Acer Laptop itself.

Defendant also claims that the forensic image that the Government seeks to introduce is not actually an image of the hard drive of his Acer Laptop as it was at the time of his arrest, but of some other device in a different condition. (ECF No. 59 at 8). This argument relies on the Government's close-up photographs of the internal hard drive's model and serial numbers. (Id.). Preliminarily, Defendant concedes that the forensic image the Government seeks to introduce does in fact match the internal hard drive that was inside the Acer Laptop on July 31, 2012, because the serial and model numbers match the forensic image on said date. (Id.). However, Defendant argues that the serial and model numbers "do not prove that the hard drive in the computer on July 31, 2012 [was] the same hard drive that was in the [Acer Laptop] on June 3, 2012." (Id.).

In support of this argument, Defendant points to one photograph which shows that the hard drive that is the subject of said photograph was manufactured on May 22, 2011. (Id. at 8-9). The Acer Laptop was manufactured on July 9, 2011. (Id. at 10). Defendant further notes that the

forensic image contains a separate partition (the "D Partition") which was created on May 10, 2011. (Id.). Accordingly, Defendant concludes that the D Partition, which was created on May 10, 2011, predated the production of the hard drive that was imaged, and, therefore, "[t]he forensically imaged hard drive ... must be **a copy of a copy**." (Id.) (emphasis in original). Hence, Defendant "contends that if a photo had been taken of [the Acer Laptop's] hard drive on June 3, 2012 it would have depicted a manufacture date of May 10, 2011 or earlier." (Id.).

In response, the Government states that Defendant's argument fails because Defendant does not actually challenge the authenticity of the forensic image, but merely points to a discrepancy in dates, and that, in fact, there is no discrepancy. (ECF No. 62 at 9-10). The Government notes that Defendant's own expert cannot explain the earlier date of the D Partition. Id. at 11). Moreover, the Government further contends that there is a genuine explanation for the date discrepancies. (Id. at 11).

According to the Government it can "show that typically when a computer manufacturer receives a hard drive from a manufacturer like Hitachi, the hard drive is blank. Here, Acer received the hard drive from Hitachi on or after May 22, 2011." (Id.). The Government further explains that "[i]t then appears that Acer formatted the hard drive and installed an operating and file system on the hard drive on or about July 7, 2011." (Id). Additionally, the Government asserts that the D Partition "contained a proprietary image with files dated May 10, 2011 because that was most likely the date these files were created *before they were installed by Acer on the Acer [L]aptop's hard drive*[,]" and that the "files maintained that date even after they were installed." (Id.) (emphasis in original).

Defendant has not presented any credible evidence that the Acer Laptop was searched prior to the obtention of the search warrant. Additionally, his argument regarding the dates of the various files on the forensic image is unpersuasive, so long as the Government can support its explanation regarding the dates at the time of trial. This conclusion by the Court is further supported by the fact that, as Defendant concedes, that model and serial numbers of the forensic image match those of the Acer Laptop. Thus, the Court will not suppress the forensic image.

With regard to the Gigaware Hard Drive, Defendant advances the same exact warrantless search arguments. (ECF No. 69 at 16-18). Defendant states that his "motion to suppress the [Gigaware Hard Drive] seized from him on June 3, 2012 is based on his assertion that the external hard drive is tainted by the warrantless search of [Defendant's Acer Laptop] as argued above and in previous filings." (Id. at 16). Accordingly, Defendant concludes that "[i]f the court agrees that the laptop computer should be suppressed because it was subject to a warrantless search the rationale for suppression is that the contents of the laptop computer are tainted by the illegal actions of law enforcement." (Id. at 18). Defendant arrives at this conclusion, without citation to law or expert opinion, apparently because the Gigaware Hard Drive was connected to the Acer Laptop by a wire at the time it was seized (*i.e.*, that the Gigaware Hard Drive was an item within the Acer Laptop).

The aforesaid argument by Defendant fails as this Court has already found that it is unpersuaded that the Government engaged in an illegal search of the Acer Laptop. Moreover, Defendant does not point to any evidence with regard to when or how the Gigaware Hard Drive was supposedly illegally searched, except, as primarily stated, for the assertion that the Gigaware

Hard Drive was connected to the Acer Laptop at the time it was seized. Therefore, this Court will not suppress the Gigaware Hard Drive.

### III. CONCLUSION

For the above reasons, Defendant's Motions *in limine* to suppress the Acer Laptop and Gigaware Hard Drive are denied. An appropriate Order accompanies this Opinion.

Dated: October 12th, 2017

JOSE L. LINARES
Chief Judge, United States District Court