# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| |
|---|
| UNITED STATES OF AMERICA, |
| v. |
| GREGORY JOHN SCHAFFER, |
| Defendant. |

Civil Action No.: 13-183 (JLL)

**OPINION**

**LINARES**, Chief District Judge

This matter comes before the Court by way of Defendant Gregory John Schaffer's Motion for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Defendant's Motion was made orally at the conclusion of trial on October 19, 2017. The Government opposes Defendant's Motion. For the reasons set forth herein, the Court denies Defendant's Motion.

## I.     LEGAL STANDARD

Rule 29(a) of the Federal Rules of Criminal Procedure allows a Defendant to move for a judgment of acquittal "[a]fter the government closes its evidence or after the close of all evidence." Fed. R. Crim. P. 29(a). "[T]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." *Id.* In deciding such Motions, the Court "'review[s] the record in the light most favorable to the prosecution to determine whether any rational trier of fact could [find] proof of guilt[] beyond a reasonable doubt.'" *United States v. Swan*, 2017 U.S. App. LEXIS 17417, *8-9 (3d Cir. Sept. 8, 2017)

(quoting *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (*en banc*) (additional citations omitted).

## II. DISCUSSION

Defendant's argument is straightforward. According to Defendant, none of the evidence in the record shows that Defendant himself placed the sexually explicit materials onto his Acer Laptop and/or the Gigaware External Hard Drive. Defendant concedes that he appears in the videos that were presented to the jury and the he engaged in sexual conduct with minor females. He further concedes that the Government need not present evidence that he personally recorded the videos and took the subject illicit photographs. Rather, the crux of Defendant's argument is that there is no evidence to support the fact Defendant ever placed the illicit materials on his electronic devices or knew that said materials were even on same.

In making this argument, Defendant relies on the case of *United States v. Lively*, 852 F.3d 549 (6th Cir. 2017). Defendant Lively in that case had a co-defendant who photographed Defendant Lively engaging in sexual conduct with a nine-year old boy. *Lively*, 852 F.3d at 553. The Government executed a search warrant at one of Defendant Lively's co-defendant's homes. *Id.* There, the Government located "three items that would prove important to [Defendant] Lively's eventual prosecution:" 1) a Kodak digital camera; 2) a SanDisk memory card that was inside said camera; and 3) a computer than contained a Seagate hard drive. *Id.* All three items were admitted into evidence at Defendant Lively's trial, along with testimony from a forensic expert. *Id.* at 554-55.

At the conclusion of the Government's case, Defendant Lively moved pursuant to Rule 29, arguing that: 1) the "hard drive ... 'did not produce the visual depiction[s]' of [Defendant] Lively abusing the minor, [but rather the] Kodak camera did...;" and 2) "that the government had introduced 'no evidence that [Defendant Lively] had knowledge that' any of the images of himself 'were on' the ... Seagate hard drive." *Id.* at 555-56. The district court denied Defendant Lively's motion, finding that it was not necessary to show that Defendant Lively had knowledge of the images. *Id.* at 556.

The Sixth Circuit affirmed Defendant Lively's conviction, but made various holdings with respect to the evidence and the Government's burden. *Id.* at 559. First, the Circuit Court held that copying images onto a hard drive constitutes production of child pornography. *Id.* Additionally, and saliently, the Sixth Circuit found that a third-party's copying of images that depicted Defendant Lively engaging in sex acts with a minor did not render Defendant Lively guilty of production of child pornography. *Id.* at 560-61. In arriving at this conclusion, the Court held that "there is no evidence in the record suggesting that, when [Defendant] Lively sexually abused the boy, he did so for the purpose of producing the Hard-Drive Images." *Id.* at 562.

This second point made by the Sixth Circuit is what Defendant herein attempts to argue. As noted above, Defendant avers that there is no evidence in the record that could lead a reasonable fact finder to conclude that Defendant placed the videos onto the Acer Laptop and/or Gigaware Hard Drive. Based on this assertion, Defendant concludes that the Government has not produced sufficient evidence that the images and videos found on said devices were placed there by Defendant and that he had knowledge of same. Accordingly, Defendant believes the production of child pornography counts must be dismissed.

3

The Government's response is straightforward as well. According to the Government, the record contains sufficient evidence to lead a reasonable jury to conclude that Defendant did in fact create the videos and images, and then, thereafter, place same onto his Acer Laptop and/or Gigaware Hard Drive. Specifically, the Government points to the following evidence:

1. The sexually explicit videos of Allison and Ashley that were found on the Acer Laptop
2. The Acer Laptop contained copies of the sexually explicit videos of Allison on the desktop
3. The sexually explicit photographs that Defendant took of Ashley were found on the Acer Laptop
4. The Gigaware Hard Drive also contained the sexually explicit videos of Allison and Ashley, along with the sexually explicit photographs of Ashley
5. Special Agent John Simonello testified that the sexually explicit videos of Allison and Ashley, along with the sexually explicit photographs of Ashley, among other files, were backed up from the Acer Laptop to the Gigaware Hard Drive in May 2012

In addition, the Court's own review of the admitted evidence unequivocally shows Defendant appearing with the two victims and engaging in sexually illicit conduct. Specifically, Exhibits 403a, 403b, 403c, 403d, 405a, 405b, 405c, and 405d all support this conclusion. Therein, Defendant can be seen looking directly at the camera and adjusting same. This leads the Court, and, potentially, a reasonable jury, to conclude Defendant was aware that the camera was in the room and was adjusting it to capture the best angles of his interactions. On these videos, Defendant can also be heard speaking to the victim discussing a "modeling agency" and how the victim would be photographed. The conclusion is further corroborated Exhibits 107, 108, 109, 110, 111, 112, 113, 114, 115, and 116. These Exhibits depict the victim in the same bathing suit that she was wearing in the aforementioned videos and in various states of undress. Nearly identical facts are applicable to the other victim in this case.

The Court finds that, as argued by the Government, the Government presented ample evidence, both by way of testimony as well as document evidence, that these videos and images were present on Defendant's Acer Laptop at the time the Government searched same. Special Agent John Simonello testified to this fact. Additionally, Agent Simonello noted that he found various "versions" of the aforementioned videos which contained identical content, but with other various alterations. Agent Simonello specifically took two screen shots of different versions of one of the aforementioned videos. (*See* Exhibits 402, 402-S). One version contained an internet logo while the other had a website banner displayed prominently across the middle. (Id.; Id.). Finally, Agent Simonello found various software that was designed to manipulate audio and video files on Defendant's Acer Laptop. When reviewing the aforementioned evidence, as well as the entire record, in a light most favorable to the prosecution, the Court concludes that the record is sufficiently robust to allow a reasonable jury to conclude that Defendant Schaffer knew of, and placed, the sexually explicit material on his Acer Laptop and/or the Gigaware Hard Drive.

### III. CONCLUSION

For the above reasons, Defendant's Motion for a Judgment of Acquittal is hereby denied. An appropriate Order accompanies this Opinion.

Dated: October 20th, 2017

JOSE L. LINARES
Chief Judge, United States District Court