**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>GREGORY JOHN SCHAFFER,<br>Defendant. | Case No. 2:13-cr-00183 (BRM)<br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Gregory Schaffer's ("Defendant") Motion to Enforce this Court's June 12, 2018 Order ("Order") requiring the Bureau of Prisons ("BOP") to provide Defendant with a single cell ("Motion"). (ECF No. 131.) The United States of America (the "Government") filed a letter in opposition (ECF No. 135), and Defendant filed a Reply (ECF No. 136). Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument, for the reasons set forth below and for good cause having been shown, Defendant's Motion is **DENIED.**

## I. BACKGROUND

On October 20, 2017, a jury in the District of New Jersey rendered a verdict finding Defendant guilty of two counts of Production of Child Pornography and one count of Possession of Child Pornography. (ECF No. 88.) On June 5, 2018, the Honorable Jose L. Linares (ret.), sentenced Defendant to a term of imprisonment of 480 months. (ECF No. 98.) Judge Linares entered the Order one week later, finding Defendant was "on medication which can cause him to have a deadly reaction if he were to get an infection, cold or flu from another person." (ECF No. 100.) The Order further stated that "the Bureau of Prisons Health Services ha[d] issued a Medical

Duty Status form indicating that a medical doctor ordered defendant to have a wheelchair, bottom bunk pass and single cell." (*Id.*) In the Order, Judge Linares directed the BOP to provide Defendant "with a wheelchair, bottom bunk and a single cell." (*Id.*) To date, Defendant remains in custody at the United States Penitentiary in Tucson, Arizona.

On or about April 22, 2019, Defendant filed for an emergency temporary restraining order and preliminary injunction in the United States District Court for the District of Arizona. *See* Compl., *Schaffer v. B. von Blankensee*, *et al*., 4:19-cv-226 (D. Az. Apr. 22, 2019) (ECF No. 1). In that application, Defendant requested to enjoin the BOP at his current facility from housing him with another inmate in his cell until the merits of the case had been heard and decided by the Court. *Id*. at 6. On September 19, 2019, the Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, dismissed Defendant's application without prejudice on the ground that he had failed to exhaust his administrative remedies. *See* Order, *Blankensee*, 4:19-cv-226 (ECF No. 33); Judgment in a Civil Case, *Blankensee*, 4:19-cv-226 (ECF No. 34). In or around June 2026, Defendant submitted a request for an administrative remedy within the BOP, requesting to be placed on single cell status. (ECF No. 135-1 at 3.) The request was denied based on BOP's understanding that the Order was no longer in effect and for Defendant's own safety. (*See id*. at 2.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Two federal statutes, 28 U.S.C. §§ 2241 and 2255, confer federal jurisdiction over habeas petitions filed by federal inmates. Unlike § 2255, which only confers jurisdiction over "challenges [to] the validity of the petitioner's sentence[,]" the Third Circuit has held § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the

*execution* of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (emphasis added) (citation omitted).

Conditions of confinement concern the "execution of" a defendant's sentence. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir. 2005) (holding the defendant's claim was properly brought under § 2241 because, there, the sentencing court specifically included in its judgment a recommendation that the petitioner "spend the last six months of his sentence in a halfway house[,]"and despite this recommendation, the BOP refused, citing its own internal regulations). The Third Circuit reasoned the term "execution" means "to 'put into effect' or 'carry out.'" *Woodall*, 432 F.3d at 243 (quoting Webster's Third New Int'l Dictionary 794 (1993)).

## III. DECISION

This Court finds it lacks jurisdiction to entertain Defendant's request. Defendant's request for a single cell is fundamentally a challenge to the way his sentence is being carried out, namely, the "execution" of his sentence. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). A habeas petition must be filed in the federal district court that has jurisdiction where the inmate is detained. *See* 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made . . . the application may be filed in the district court for the district wherein such person is in custody[.]"); *see also* § 2241(a) (providing district courts may only grant habeas relief against custodians "within their respective jurisdictions"). "Longstanding practice under this immediate custodian rule 'confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.'" *Bruce*, 868 F.3d at 178 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)).

Defendant is currently in the custody of the United States Penitentiary in Tucson, Arizona. Therefore, Defendant should file for habeas relief under 28 U.S.C. § 2241 in the District of

Arizona. (*See* ECF No. 129 (denying Defendant's request for visitation rights for jurisdictional reasons).) Defendant in his Reply has also failed to respond to the Government's jurisdictional arguments, so the issue is therefore waived. *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n. 6 (3d Cir. 1997) (stating arguments not raised are considered waived).

## IV. CONCLUSION

For the reasons set forth above, the Motion (ECF No. 131) is **DENIED**. An appropriate order follows.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: October 29, 2026